BREAUX, C. J.
The city of New Orleans and the defendants differ about the right of the Tulane University to a matriculation or registry fee and a laboratory fee from free tuition students of the university, appointed by the mayor in accordance with an agreement.
The following is a brief history of the right of the city to make the appointment:
In December, 1880, it became evident that the buildings and the rooms of the university were not sufficient to accommodate the professors and the students of this growing institution of learning. The board of administrators, through its president, applied to the council of the city and informed them that there was an opportunity of obtaining title for the university to the building well known in the history of this state as the Mechanics’ Institute for a small price.
The president represented that there were taxes claimed by the city of New Orleans as due by the Mechanics’ Society and resting as a burden on the property.
1-Ie asked, to the end of facilitating the university in effecting the purchase, a waiver and abandonment on the part of the city of the tax due to it on the property.
Whereupon the city authorities ordered the tax lien, privilege, or mortgage canceled on the property.
As a consideration for this cancellation and abandonment of taxes due, the university bound itself to educate five boys of indigent parents, to be appointed annually from the public schools by the mayor and administrators of the city.
In September, 1907, the mayor appointed five boys to free scholarships in the university.
The complaint of the plaintiff is that the university declined to receive these five appointees unless they agreed to pay matriculation fees or registration fees.
The authorities of the university also called upon these boys or their parents to pay a a laboratory fee of $15 annually who take a laboratory course. This fee is collected from all students who follow that course, and is applied to the cost of material consumed by the students in the course of their laboratory practice, to maintain tools in good condition, to purchase needed implements and scientific apparatus used by the students in their studies, and to maintain the laboratory.
All these fees are insufficient by help to meet the heedful amount.
No part of these fees is applied to defray any other expenditure.
The contention of the defendant is that in all the leading universities of this country, including those maintained by the various states, and to which there are free scholarships, these charges are made.
The respondent does not deny to the city the right to make the appointments. The whole contention relates to the fees before mentioned for registering the names of students and to supply them with needful apparatus in the laboratory.
The defense of the university (Tulane, formerly Louisiana) is in substance that the registration fee is demanded of each boy, to wit, $5 per term, making, if he remained the three terms of the present year (1907) $15 per annum, and that two of the boys have entered the laboratory class, and respondent here demanded of them a laboratory fee of $15 per annum.
*553 That the university, from October, 1901, has required that fee of all students, whether pay or free students, holding scholarships, whether the scholarship is granted through .selection by the state, the city of New Orleans or the board of administrators.
This is imposed, the averment is, as a contribution toward paying the incidental expenses not connected with education proper, such expenses as fuel, material to warm and light the public rooms of the university, including rooms for public exercises and literary societies, for ice water furnished to the students, and for janitor to wait on students and care for the public rooms, and that no part is used toward paying the institutional force, or toward the maintenance of the means by which tuition is given, and that these fees are less by at least one-half the amount annually expended by the university for such services.
The plaintiff insists that the students appointed as before mentioned should not be made to pay either the registry or laboratory fees.
The university is the appellant, and asked for a judgment authorizing the charge for both as before stated.
The registry fee:
We have considered this fee separate from the laboratory fee, as it is entirely distinct from it.
This fee is in the nature of a restraint or hindrance upon the exercise of a given right.
Although that was not the intention of the authorities of the university in requiring the amount of this fee from all students, free or pay, it has that appearance.
The word “honorarium” is used in the brief of the learned counsel for the university.
It may be that originally this fee was considered in that light, and that in time it was as with the honorarium of the members of the legal profession; but this fee (registry fee) can scarcely be extended to include free scholarships within its terms. Under the terms of the agreement, the university should, as we think, forego the collection of that fee from those who are admitted to free tuition.
Strength is given to the agreement between plaintiff and defendant by contemporaneous construction.
For years those selected as free students were not required to pay this fee. No such payment was mentioned at the time, and for years after the agreement had been entered into between the city and the university free tuition was the understanding. It cannot now be preceded by the requirement of a fee on admission to the classes of the university.
The reference by defendant to institutions of learning in other states is not even persuasive.
The state has the right to impose her own conditions to provide for payment for registering the cadets and for free-tuition.
Here we have a binding agreement regarding free scholarship, without reference to registry fees.
The laboratory fee:
An amount is claimed as a laboratory fee.
There is a difference between the laboratory fee and the matriculation fee. The last is general, but entirely proper; while, as relates to the laboratory fee, each student admitted to the laboratory has a direct personal interest. He is brought in direct contact with that department. He is a consumer of the articles placed before him for his use. He uses, breaks, and destroys them, and he at other times keeps them in a safe and entire state.
It may be said that they are in the nature of personal, expenses. No student should object to paying them.
They are more particularly personal, because not all students enter or are admitted to the laboratory. There are those who remain content enough never to enter the lab *555 oratory rooms, with a view of availing themselves of the opportunities for self-improvement offered.
The more ambitious for self-improvement are admitted, and these can, we imagine, extend their ambition slightly further, and provide the pittance, the payment of which will only make them more appreciative of the benefit conferred.
The payment of this fee does not infringe upon free scholarship. On the contrary, it adds to the benefit conferred.
By reason of the law and the evidence being in favor of plaintiff, appellee, the judgment is affirmed, at appellant’s costs.
MONROE, J., recused.